**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

WILLIAM SUTHERLAND,

      Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

      Defendants.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Mr. William Sutherland, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendants.

### PARTIES

1. Plaintiff, Mr. William Sutherland, is a natural person and citizen of the State of Colorado, whose current address is 9632 West Stanford Avenue, Littleton, Colorado 80123.

2. Defendant, the Lincoln National Life Insurance Company ("Defendant Lincoln"), is a foreign corporation and/or similar business entity which regularly conduct business in the State of Colorado. Their principal office street address is P.O. Box 2578, Omaha, Nebraska 68172-9688. Their registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3.      At all pertinent times, Plaintiff was a full-time employee of Summit Automotive Partners, LLC ("Summit"), which provided its employees with long term disability or "LTD") pursuant to an employee benefit plan as defined by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA").  Upon information and belief, Summit is the sponsor of the benefit plan. On further information and belief, Summit has delegated to Defendant Lincoln its responsibility to administer claims under the Plan and its obligation to make all benefit decisions at issue in this claim.

4.      At all pertinent times, Plaintiff was a full-time employee of Summit and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA, and/or the Plan's documents.

5.      Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the Plan.

6.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA Plan/policy.

7.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff was employed and Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8.      At all pertinent times, Plaintiff was employed by Summit as an automobile mechanic, which requires at least medium level work, and the ability to function in an auto garage (or similar noisy environment).

9.      Beginning in or around November 2021, Plaintiff was unable to continue working on a regular and full-time basis due to a medical condition causing multiple health issues, including but not limited to bilateral tinnitus, hearing loss and anxiety.

10.     These medical conditions prohibited Plaintiff from continuing to perform the requirements of his job at Summit on a regular, consistent and/or full-time basis.

11.     Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to above.

12.     Plaintiff's work environment, including the noise levels associated therewith, significantly aggravated his medical conditions.

13.     As the aforementioned conditions prevented him from working on a full-time and regular basis, and from otherwise performing the other material requirements of his own occupation, Plaintiff applied to the Plan, through the Defendant, for LTD benefits beginning on or about November 11, 2021.

14.     As pertinent here, the Plan provides for LTD if, due to sickness or injury, the employee is disabled from his own occupation.

15.     At all pertinent times Plaintiff:

   a.      Suffered from a sickness/illness; and

      b.     Was unable to perform the essential duties of his own occupation due to said sickness.

16. Plaintiff's disability is ongoing.

17. Defendant initially denied Plaintiff's claim for LTD in or around February 2022.

18. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of his claim, including additional information from his treating physician and/or others.

19. Plaintiff also included additional information with his appeals, including medical records demonstrating the nature and extent of his ongoing disability and including supporting records.

20. Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about August 21, 2023.

21. Per Defendant's letter of August 21, 2023, there are no additional reviews available under the Plan.

22. Defendant's determinations are against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

23. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that the Defendants failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own occupation.

24.     Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

25.     Defendant, in evaluating Plaintiff's claim, has misapplied the provisions of the Plan, including by requiring information not required to establish eligibility for LTD benefits.

26.     Defendant has disregarded the medical evidence presented which concluded Plaintiff was unable to work on a regular and consistent basis.

27.     Defendant has failed to comply with their obligations as fiduciaries and to act in Plaintiff's best interests, and to provide pertinent information.

28.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**

29.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

30.     Upon information and belief, the Plan is subject to ERISA.

31.     At all pertinent times, Defendant was both a claim fiduciary and/or administrator of the Plan, within the meaning of ERISA.

32.     Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

33.    At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that he was unable to perform the functions of his own and/or any other occupation and provided reasonable documentation (medical or otherwise) of that fact.

34.    Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

35.    Defendant's wrongful conduct includes, but is not limited to:

A.    Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B.    Failing to provide an adequate review and appeal;

C.    Failing to act in Plaintiff's best interests;

D.    Failing to consider credible evidence of functional impairments;

E.    Failing to reasonably interpret and apply the terms of the Plan;

F.    Failing to conduct a reasonable investigation; and

G.    Failing to reasonably and properly interpret and implement all Plan provisions.

36.    Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits, and a worsening of his sickness/illness, and/or related employment benefits.

## DAMAGES

37.    The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to loss of LTD and/or other related employment benefits.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A.    A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.    An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;

C.    Retroactive reinstatement LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b);

D.    Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.    Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1);

F.    Appropriate equitable relief including retraining of employees, and/or providing notice to employees a full statement of available rights under the Plan; and

G.    Such other and further relief as this Court deems just and appropriate.

Dated this 2nd day of February, 2024.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*

_____

Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com

Plaintiff's address:
9632 West Stanford Avenue
Littleton, Colorado 80123